IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JAMAAL ALI BILAL,**

    Petitioner,

vs.                                        Case No. 3:14cv307-LC/CAS

**STATE OF FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On June 25, 2014, Petitioner Jamaal Ali Bilal, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges his 1996 conviction entered by the First Judicial Circuit, Escambia County, Florida, after his entry of a nolo contendere plea, in case number 95-18882MM.  *Id.*

On October 17, 2014, Respondent filed a motion to dismiss the habeas petition. Doc. 10.  Respondent asserts the petition should be dismissed due to lack of "custody," res judicata, or successiveness.  *Id.*  Respondent also moves for sanctions, asserting the petition is frivolous and Petitioner should be barred from filing another petition challenging the 1995 misdemeanor unless such petition is signed by a member of this Court's bar.  *Id.* at 1, 6.

Petitioner has responded by filing a traverse.  Doc. 13.  Petitioner has also filed a Notice of Proper Respondent and Motion to Strike Response Filed by the Assistant Attorney General, Doc. 11, and a Motion to Compel Respondent to Provide Copy of Trial Transcript of the Harassing Telephone Call Proceeding, Doc. 12.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  See Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show that the petition is successive and unauthorized, and should be dismissed.  See Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

The background and procedural history of this case are set forth in earlier orders of this Court in other cases involving this Petitioner, and are herein incorporated by reference, specifically the Order and Report and Recommendation in Bilal v. Hadi, No. 3:06cv224-LAC/MD, as well as those in Bilal v. Regier, 3:02cv362-LAC/MD.  See Doc. 10 Ex. A at 29-35, Ex. B.  See also Bilal v. Butterworth, No. 3:07cv76-MCR/MD, 2007 WL 946250 (N.D. Fla. Mar. 27, 2007); Bilal v. Hadi, No. 3:06cv355-MCR/MD, 2006 WL 2729493 (N.D. Fla. Sept. 25, 2006); Bilal v. Hadi, No. 3:06cv327-RV/MD, 2006 WL 2724878 (N.D. Fla. Sept. 21, 2006); Bilal v. Hadi, 3:06cv326-LAC/MD, 2006 WL

2583692 (N.D. Fla. Sept. 6, 2006).  In particular, in late May 1995, Petitioner was arrested and charged in the Escambia County Circuit Court, in case number 95-18882MM, with two counts of making harassing telephone calls.  A trial took place on March 7, 1996, but the jury returned deadlocked and the court declared a mistrial.  The court granted Petitioner's motion for judgment of acquittal on the second count and denied it as to the first count.  Petitioner entered a no contest plea to the first court, as charged.

Petitioner is presently confined at the Florida Civil Commitment Center pursuant to his 2001 civil commitment under the Jimmy Ryce Act entered in Escambia County Circuit Court case number 99-1507-CA.  In the instant petition, Petitioner again challenges his conviction in Escambia County Circuit Court case number 95-18882MM.  Doc. 1.  Petitioner argues he is factually innocent and McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), states that a federal habeas court may invoke the miscarriage of justice exception to consider claims defaulted in state court under state timeliness rules.  Doc. 1 at 7, 10.

Respondent requests this case be dismissed due to lack of "custody," res judicata, or successiveness.  Doc. 10.  Respondent also moves for sanctions, asserting the petition is frivolous and Petitioner should be barred from filing another petition challenging the 1995 misdemeanor unless such petition is signed by a member of this Court's bar.  Id. at 1, 6.

## Analysis

Petitioner has not shown a jurisdictional basis for this § 2254 habeas action. Petitioner is not confined in state prison and is not "in custody" on the challenged misdemeanor. Moreover, Petitioner challenges the same state court misdemeanor conviction that he challenged in his prior § 2254 petition. *See* Bilal v. Hadi, No. 3:06cv224-LAC/MD; *see also* Bilal v. Butterworth, No. 3:07cv76-MCR/MD, 2007 WL 946250 (N.D. Fla. Mar. 27, 2007); Bilal v. Hadi, No. 3:06cv355-MCR/MD, 2006 WL 2729493 (N.D. Fla. Sept. 25, 2006)*;* Bilal v. Regier, 3:02cv362-LAC/MD; Bilal v. Hadi, No. 3:06cv327-RV/MD, 2006 WL 2724878 (N.D. Fla. Sept. 21, 2006); Bilal v. Hadi, 3:06cv326-LAC/MD, 2006 WL 2583692 (N.D. Fla. Sept. 6, 2006). Thus, in addition to being untimely, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A).

This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition). Petitioner's reliance on McQuiggen is misplaced as this case does not involve an initial post-conviction challenge. *See, e.g.*, Young v. FCC Coleman-Medium Warden, 2014 WL 4697583 at *4 (11th Cir. Sept. 23, 2014) (explaining federal habeas petitioner's actual innocence claim under McQuiggin is misplaced: "Even assuming that McQuiggin applies to federal prisoners, Young's case involves neither an initial post-conviction challenge nor a

statute-of-limitations issue."). This § 2254 petition challenging the judgment in Escambia County Circuit Court Case 95-18882MM is successive and should be dismissed.

Respondent also moves for sanctions, asserting the petition is frivolous and Petitioner should be barred from filing another petition challenging the 1995 misdemeanor unless such petition is signed by a member of this Court's bar. *Id.* at 1, 6. Respondent cites no authority in support of such request and none has been found in the context of a § 2254 proceeding. Accordingly, such request should be denied.

## Conclusion

For the reasons stated above, this § 2254 petition is an unauthorized second or successive petition. Therefore, this Court does not have jurisdiction to consider it and it should be dismissed. Respondent's motion for sanctions, as well as Petitioner's remaining pending motions, should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 10)  be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED**, Respondent's motion for sanctions (Doc. 10) be **DENIED**, Petitioner's Motion to Strike Response Filed by the Assistant Attorney General (Doc. 11) be **DENIED**, Petitioner's Motion to Compel Respondent to Provide Copy of Trial Transcript of the Harassing Telephone Call Proceeding (Doc. 12) be **DENIED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2014.

                                                    s/ Charles A. Stampelos
                                                    **CHARLES A. STAMPELOS**
                                                    **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.